IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT and MARCY O'CONNOR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:25-cv-3484-N-BN |
| | § | |
| GARY LADRIDO, DCB SPORTS LLC, | § | |
| and RENEWABLE ADVISORS LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
LEAVE TO OBTAIN EXPEDITED DISCOVERY**

Senior United States District Judge David C. Godbey referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) [Dkt. No. 17] after granting the motion by Cherry Johnson Siegmund James, PC to withdraw as counsel for Defendants Gary LaDrido ("LaDrido"), DCB Sports LLC ("DCB"), and Renewable Advisors LLC ("Renewable Advisors") (collectively, "Defendants") [Dkt. No. 16]. (A fourth defendant, Susan LaDrido, has not appeared. *Cf.* Dkt. No. 11 (summons as to her issued after post-removal filing of an amended complaint [Dkt. No. 8]).)

Once this lawsuit was referred to the undersigned, the Court ordered DCB and Renewable Advisors – both alleged to be California limited liability companies based on the citizenship of LaDrido, the sole member of each LLC, *see* Dkt. No. 1, ¶¶ 8-10; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 296 (5th Cir. 2025) (published order) – to each retain new counsel and direct that counsel to enter an appearance on the

record by March 27, 2026, *see* Dkt. No. 18.

The next day, the Court entered an order [Dkt. No. 19] as to Plaintiffs Robert and Marcy O'Connor's preliminary injunction application included in their operative (amended complaint) [Dkt. No. 8]

> requesting that the Court freeze funds they allege to be in Defendants' possession and transfer those funds to Plaintiffs or, in the alternative, transfer those funds to Plaintiffs to hold in trust or deposit those funds into the Court's registry until resolution of this lawsuit. *See id.* at 33-39; Dkt. No. 9. They also seek expedited discovery related to these requests, but Plaintiffs have neither alleged nor provided evidence of a lien or equitable interest in the funds. *See generally id.*

Dkt. No. 19 at 2. And the Court explained that, since

> LaDrido may proceed *pro se* as an individual defendant, … he is ordered to file a written response to the preliminary injunction application by March 6, 2026 – also the deadline that Judge Godbey ordered for responses to the first amended complaint (14 days from the date he ruled on the motion to withdraw, which was February 20, 2026). *See* Dkt. No. 14.
>   The Clerk is requested to serve a copy of this order on LaDrido at his email address provided in the motion to withdraw: gary@dcbsportsllc.com. *See* Dkt. No. 10 at 1.
>   And the O'Connors may file a reply brief by March 9, 2026.

*Id.* at 2-3 (cleaned up).

It is now past all these deadlines. And no response to the amended complaint has been filed. Nor has LaDrido responded to the preliminary injunction application, as ordered. Nor have DCB and Renewable Advisors entered notices of appearances by newly retained counsel, as ordered.

After closely reviewing the preliminary injunction application, the O'Connors may prevail on their request under Federal Rule of Civil Procedure 65 even at this stage of the proceeding where they have pleaded at least one claim that sounds in

equity (for example, money had and received under Texas law). *See, e.g.*, *A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185 (5th Cir. 2015) (per curiam); *Broadspire Servs., Inc. v. Wells*, No. 1:22-CV-163-H, 2022 WL 18635653 (N.D. Tex. Dec. 1, 2022).

But, even if they can meet the applicable requirements for a preliminary injunction as requested, *see, e.g.*, *In re 2920 ER, L.L.C.*, 607 F. App'x 349, 355 (5th Cir. 2015) (per curiam) ("Federal law authorizes the prejudgment freezing of Petitioners assets only if the relief requested was traditionally exercised by courts of equity and then only if the district court follows the procedural requirements for a preliminary injunction under Rule 65." (cleaned up)), the Court is not positioned to enter a preliminary injunction to freeze and transfer funds where Plaintiffs have not identified potentially applicable financial accounts, *see, e.g.*, *Broadspire*, 2022 WL 18635653, at *7 (granting preliminary injunction in a similar context and in part ordering that "The Bancorp Bank freeze Mr. Wells's account with routing transit number 031101279 and account number XXXXXXXXX896 and transfer any funds remaining after the September 23, 2022 deposit to the registry of this Court, if it has not already done so").

And, so, the Court will consider their request for expedited discovery to allow them to seek the information needed to effectuate the relief that they seek through the preliminary injunction application.

Under Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f), except when authorized by these rules, by stipulation,

or by court order.'" *MODE Global, LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025) (cleaned up; quoting *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015)).

And, while "[t]he Federal Rules do not provide a standard for ordering expedited discovery," district courts in this circuit "utilize a 'good cause' standard." *Fiduciary Network*, 2015 WL 11120985, at *1; *see also Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020) ("Any party seeking expedited discovery must show good cause." (citation omitted)).

"Under the good cause standard, as applied in this circuit, courts consider five factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *EYM Pizza of Ga. LLC v. Pizza Hut LLC*, No. 3:24-cv-646-X, 2024 WL 1743363, at *1 (N.D. Tex. Mar. 27, 2024) (cleaned up).

And, so, "good cause typically exists where" "[t]he party seeking expedited discovery" demonstrates that "the need for expedited discovery outweighs the prejudice to the responding party," while showing that "the scope of the requests [are] narrowly tailored to the necessary information [sought]." *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (cleaned up).

Under this standard, courts have explained that "expedited discovery has been granted where" "the discovery would better enable the court to judge the parties'

interests and respective chances for success on the merits at a preliminary injunction hearing." *Talon Transformation Tech., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013) (cleaned up). And, while a "pending preliminary injunction application can provide a basis for good cause, it does not constitute per se good cause." *Id.* (cleaned up).

In any event, "[t]he burden of showing good cause is on the party seeking the expedited discovery." *Accruent*, 2017 WL 8811606, at *1.

And, without losing sight of that burden, "where a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense [that the Court] examine the discovery request, as [this and other judges in this district] have done [under the multi-factor good cause standard], on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000) (cleaned up); *accord EYM Pizza*, 2024 WL 1743363, at *1; *Jani-King of Miami, Inc. v. Leicht*, No. 3:23-cv-389-B, 2023 WL 2825689, at *2 (N.D. Tex. Mar. 17, 2023); *PhalloFill Clinics, LLC v. Pash*, No. 3:22-cv-2268-N, 2023 WL 2496591, at *1 (N.D. Tex. Feb. 8, 2023); *Fidelity Brokerage Servs., LLC v. Edwards*, No. 3:20-cv-852-E, 2021 WL 3771771, at *1 (N.D. Tex. Feb. 4, 2021); *Digital Generation, Inc. v. Boring*, No. 3:12-cv-329-L-BK, 2012 WL 12872463, at *2 (N.D. Tex. Mar. 5, 2012); *Paterson Enters. Ltd. v. Whitmore Mfg. Co.*, No. 3:11-cv-974-L-BH, 2011 WL 13233312, at *1 & n.1 (N.D. Tex. May 12, 2011).

Applying these standards to the discovery requests that Plaintiffs present, the

Court finds good cause to GRANT them and will AUTHORIZE the following:

- Within **seven days** after entering this Order, Defendants must answer under oath the following interrogatory. Identify and describe: (1) where the $575,804.68 in funds (the "funds") provided to any Defendant from any Plaintiff are now at this time, (2) all places the funds have been including dates since June 18, 2025, (3) whether the funds were comingled and describe how and what amounts, (4) who has been in charge and responsible for the funds at all times since June 18, 2025, and (5) whether any Defendant has current control of the funds or any portion, and (5a) whether such funds or any portion can be returned to Plaintiffs, and (5b) if so, when.

- Within **seven days** after entering this Order, Defendants must provide all documents, communications and financial records related to the previous interrogatory and Defendants' answers and responses to such.

- Defendants must produce Defendant Gary Ladrido and a corporate representative for Defendant DCB Sports LLC for a preliminary deposition related to the above interrogatory and document production (deposition to occur within three weeks of the signing of a preliminary injunction order unless otherwise agreed to by the parties, Plaintiffs will be able to conduct additional depositions of deponents in the regular course of this litigation).

SO ORDERED.

DATED: April 2, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE